UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicholas Mason, | Crim. No.: 4:07-cr-01423-RBH-1 |
| | Civil Action No.: 4:16-cv-02252-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner's [ECF No. 136] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner challenges his career offender designation under United States Sentencing Guideline § 4B1.1.

On May 30, 2017, the government filed a response and motion to dismiss arguing Petitioner's *Johnson* claim of misapplication of the Sentencing Guidelines fails in light of *Beckles v. United States*. On May 31, 2017, Petitioner, through counsel, filed a response to the government's motion to dismiss. For the reasons stated below, the Court grants the government's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On October 2, 2008, Petitioner pled guilty to using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner was a career offender under U.S.S.G. § 4B1.1. Petitioner's resulting guideline range was 262 to 327 months in

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

prison.

A sentencing hearing was held on January 23, 2009. The Court granted Petitioner a slight variance and sentenced him to a 240 month term of imprisonment. Petitioner did not file a direct appeal.

Petitioner's first motion to vacate under 28 U.S.C. § 2255 was dismissed as untimely on January 25, 2012. On June 27, 2016, the Fourth Circuit Court of Appeals granted authorization for Petitioner to file a second or successive § 2255 motion to vacate following *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner filed the instant motion to vacate on June 27, 2016.

### **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional

claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Discussion

Petitioner claims he was improperly designated a career offender under the Sentencing Guidelines in that his prior conviction for Aggravated Assault from the state of Arkansas is no longer a crime of violence. The government argues that Petitioner's motion to vacate should be dismissed because the application of *Johnson v. United States* to the Sentencing Guidelines is not retroactive on collateral review as held in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015), the Fourth Circuit held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *Foote*, 784 F.3d at 940. Applying *Foote* to the instant case, Petitioner's claim that he was improperly designated a career offender based on a prior offense that is no longer a crime of violence is not cognizable on collateral review. Petitioner has failed to demonstrate a fundamental defect or miscarriage of justice. Petitioner was sentenced below his advisory guideline range and below the statutory maximum of Life imprisonment.

Also, as the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and the residual clause found in former § 4B1.2(a)(2) of the Sentencing Guidelines is not void-for-vagueness. *Beckles*, 137 S. Ct. at 895  Accordingly, Petitioner's reliance on *Johnson*, which dealt with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is misplaced and his challenge to his sentencing enhancement under the United States Sentencing Guidelines fails.

3

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

For the reasons stated above, the government's [ECF No. 148] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 136] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

August 3, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge